GRIFFIN, J.
Appellant, Marian Farms, Inc. [“Marian Farms”], seeks review of the order dismissing its fourth amended complaint for damages it allegedly suffered when Sun-Trust Banks, Inc. [“SunTrust”] allowed fraudulent or unauthorized conduct of an employee. The trial court found, as a matter of law, that the plaintiff failed to allege the basis for any theory of liability or independent duty owed to the plaintiff by SunTrust distinct from its depositor relationship. SunTrust sought dismissal of the fourth amended complaint based on Florida’s economic loss rule.
This is not a case where Marian Farms merely attempted to recast a *364 breach of its contractual relationship with SunTrust based on the depository agreement by asserting claims that Sun-Trust negligently performed its contractual duties to its depositor by wrongfully disbursing monies in rebanee on forged instruments. Rather, Marian Farms has alleged independent torts and causes of action separate from SunTrust’s wrongful disbursement of funds on deposit. For example, Marian Farms has asserted negligence on the part of SunTrust in accepting forged loan documents and personal guarantees of the principals of Marian Farms without verifying their authenticity. Similarly, Marian Farms alleges that, in a separate transaction, SunTrust accepted obviously forged loan documents without attempting to verify authorization for a loan secured by Marian Farms’ equipment. In yet a separate alleged act of negligence, Marian Farms alleges that SunTrust accepted a forged corporate resolution authorizing the dishonest employee of Marian Farms to make withdrawals from the corporate account, including a representation that authorization had been verified, when in fact, it had not. In light of Tiara Condo. Ass’n, Inc. v. Marsh & McLennan Co., 110 So.3d 399 (Fla.2013), which was decided after entry of the order dismissing the plaintiffs fourth amended complaint, we reverse the appealed order.
We also reverse the order of the trial court that Marian Farms is not entitled to a jury trial on any of its claims based on a jury trial waiver contained within SunTrust’s “Rules and Regulations for Deposit Accounts.” A jury trial waiver is not applicable to the independent torts or other causes of action asserted by Marian Farms where the wrongful act alleged is an act or omission separate from a breach of the depository agreement. The fact that Marian Farms’ losses arising out of the various claims of negligence or other causes of action may be the same damages as those resulting from the breach of the depository agreement does not bar these claims and does not control Marian Farms’ entitlement to a jury trial arising out of separate wrongful acts alleged.
REVERSED and REMANDED.
LAWSON, J., and MENDOZA, C.E., Associate Judge, concur.